By the Court, E. Darwin Smith, J.
When the plaintiff rested, at the trial, she had made out a complete case, entitling her to recover an undivided half of the premises in question. She had proved that Lucy Champlain, the mother of the plaintiff, and of the defendant Silas. Champlain, about two years before the trial, had died intestate, seised of the said premises. That the plaintiff and the said defendant Silas Champlain were her only heirs-at-law, and that the defendants, at the time of the commencement of the suit, were in possession of the said premises, and upon demand for that purpose duly made, refused to let the plaintiff into possession of the same as tenant in common. The defendants had, by their answer, interposed as an equitable defence, and sought to establish, at the trial, that the plaintiff, previously to the death of the intestate, had received from her, by way of advancement, a deed of about 100 acres of land in the town of Milo, in said county of Tates, which the defendants, in said answer, averred was, at the time of said conveyance, of greater value than all of the residue of the property, real and personal, of the *396 said Lucy Champlain, and superior in value to the amount of the share which said plaintiff would have been entitled to receive from the real and personal estate of said deceased. The case, upon the whole evidence, was submitted to the jury upon the question whether the conveyance of said lot of land to the plaintiff, fully proved as stated in the answer, was an advancement to her, or was so intended by the intestate; and the jury found for the defendants. The case comes here upon exceptions ordered to be tried at the General Term in the first instance. Some of the objections taken to the admissibility of testimony taken during the trial I think well taken, particularly those respecting the questions put to the witness Franklin in respect to what he understood from Mrs. Champlain, the intestate, at the time of the execution of said deed; but as there is one exception to the charge, which I think fundamental and erroneous, upon which a new trial must be granted, I will abstain from discussing particularly these and the other exceptions. The answer was available only by way of an equitable defence. To make out a complete equitable defence under the statute, (1 R. S. 754, §§ 23-25,) the defendants were bound to prove not only the malting by the intestate of the conveyance, by way of advancement, but also that such advancement was equal or superior to the amount of the share which each child would be entitled to receive of the real and personal estate of the deceased. This was averred in the answer, but not proved at the trial. The learned judge correctly charged that it was for the defendant to make out, by a fair balance of the evidence, that such conveyance was an advancement to the plaintiff, and that upon that issue the defendants held the affirmative; but he charged, also, that if they found that this advancement was to be considered her share of the estate, or was to be applied on her share, then their verdict should be for the defendants. To this part of the charge, and particularly to *397 that portion of it where the court directs the jury that if they found it was an advancement then the defendants were entitled to a verdict, the plaintiff’s counsel duly excepted. The plaintiff’s counsel then asked the court to charge the jury that before the defendants could succeed in the action, the jury must find from the evidence— if they found that there was an advancement—that there was an advancement of her full share of the personal and real estate of her mother. The circuit judge refused so to charge; to which refusal and ruling of the court the plaintiff’s counsel duly excepted. These exceptions, I think, were well taken. The rulings of the learned judge virtually relieved the defendants from proving the averments of their answer, or quite a material and essential part of it. The answer.would have been clearly bad upon demurrer, if it had not contained the averment that the advancement was equal, or superior to the plaintiff’ s share of the personal and real estate of the deceased. The burden of proving such part of thé answer was upon the defendants. It was part of a material affirmative averment. The plaintiff’s right of recovery could not be defeated, except by clear, distinct proof, satisfactory to the jury, establishing the equitable defence which the statute had authorized and allowed, that the plaintiff, in the lifetime of the deceased, had received, by way of advancement, her full and equal share of the estate of the deceased. The verdict of the jury, under the charge, clearly does not establish such a defence. There should, therefore, be a new trial, with costs to abide the event.
[Fourth Department, General Term, at Rochester,
September 10, 1872.
Mullin, Talcott and E. D. Smith, Justices.]